IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **IVAN EBERHARDT**, | * | |
| Petitioner, | * | Civil No.  08-cv-3394 |
| v. | * | Orig. Crim. No. 98-CR-946 |
| **UNITED STATES OF AMERICA**, | * | |
| Respondent. | * | |

### SUPPLEMENTAL SUPPORT FOR PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

COMES NOW, the Petitioner herein, Ivan Eberhardt[1], by and through undersigned counsel, and submits this Supplemental Support for his recently filed motion to vacate and correct the sentence heretofore imposed upon him.

Petitioner has recently received the following additional information concerning the claims of ineffective assistance of counsel outlined in the original Motion and the Memorandum of Law filed in support. This information is material, relevant, and further supports Petitioner's argument that his conviction and sentence should be reversed as Petitioner did not receive effective assistance of counsel during the underlying criminal proceedings.

The procedural history of this case spans from Petitioner's original detention in 1998, indictment and trial in 2002, through his first appeal and sentencing in 2006,  and his second appeal and final post conviction filings in 2007. During this time, Petitioner had several attorneys. Bruce Cowan, Esq. was one of the two main attorneys at law representing the Petitioner during the pretrial

---

[1] While Petitioner was indicted, tried, and ultimately convicted under the spelling "Ivan Eberhardt," most of the post conviction pleadings refer to the him as "Ivan Eberhart."

and trial phases of the proceedings. He filed a Notice of Appearance and represented Petitioner from the time of his initial detention in December of 1998 (See, #3, Notice of Appearance, Docket) until June of 2002 (See, #125, Minute Order, Docket), just prior to sentencing.

Unfortunately, Mr. Cowan, upon information and belief, had a history of offering representation that fell below the standard established by *Strickland*.

The Public Records of the Central District of Illinois reflects that in the matter of *United States v. Cannon*, Case Number 03-20085, Mr. Cowan was adjudged in contempt for violation of Illinois Code of Professional Responsibility and for providing false testimony to a Federal Court and a Federal District Court Judge. Apparently, the matter was referred for disciplinary proceedings against Mr. Cowan. Those proceedings resulted in Mr. Cowan (in Case Number 3:05-mc-00042), relinquishing his admission to practice law in the United States District Court for the Central District of Illinois. This suspension of practice continued until he was recently reinstated on January 1, 2008. (Supporting documentation is attached hereto as Exhibit A)

As outlined in the Motion and supporting Memorandum of Law, Petitioner was burdened with counsel who failed to object to his original detention as being unlawful and unconstitutional, failed to defend the conspiracy charge of the indictment, failed to investigate the case for witnesses, valid defenses, as well as the true nature of the alleged conduct, failed to present before the jury readily available testimony crucial to undermining the Government's case, failed to allow the Petitioner to testify on his own behalf, failed to prepare to cross-examine the Government's key witnesses, and  failed to interview and call other crucial defense witnesses. Further, counsel failed to object to the taped conversations, and failed to object to such prosecutorial acts of misconduct as improper vouching for witnesses, improper expert witness testimony as to drug dealings, improper

expert witness testimony as to code language between drug dealers; Government's refusal to make Charles Bolden available for interview or deposition, untruthful statements to the court as to Bolden's status as a cooperating witness, improper jury instructions or omissions from instructions, failure to explain to the jury the fact that Bolden was not a conspirator, and failure to provide complete tape recordings in their original form to the jury.    None of these acts of misconduct elicited objections from counsel and all tainted the fairness of the trial court proceedings. All of the foregoing are grounds for sustaining Petitioner's motion, as supported by case law in Petitioner's Memorandum of Law.

While Petitioner's counsel makes no representation nor judgment on Mr. Cowan's standing in the Bar or overall professional standard of conduct, the record is clear that he fell substantially short of the minimum standard expected of defense attorneys in the Northern District of Illinois during Mr. Eberhardt's trial.  Apparently, such shortcomings and deficiencies are not unique in his professional history and resume.

WHEREFORE, in consideration of the foregoing as well as arguments of law contained in the original Motion and Memorandum of Law, the Petitioner reiterates his call that this Court issue an Order vacating the sentence heretofore imposed in the instant case, based upon the violations of Petitioner's constitutional protections.

                                        Respectfully submitted by:
                                        /s/ Robert A. Ratliff
                                        Robert A. Ratliff, Esq.
                                        Attorney for Petitioner
                                        713 Dauphin Street
                                        Mobile AL 36602
                                        Tel:  251-438-2250

Dated: June 24, 2008

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Appearance has been sent this 24 day of

June, 2008, by Electronic Delivery to:

**Amarjeet Singh Bhachu**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: amarjeet.bhachu@usdoj.gov


By: ___/s/ Robert A. Ratliff
　　　Robert A. Ratliff, Esq.
　　　Attorney for Petitioner
　　　713 Dauphin Street
　　　Mobile AL 36602
　　　Tel: 251-438-2250

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | 03-20085 |
| ) | |
| THOMAS CANNON, ) | |
| ) | |
| DEFENDANT. ) | |

## ORDER ON RULE TO SHOW CAUSE

This rule to show cause has been pending for a long time — too long. For the reasons hereinafter set forth, the court finds that the respondent, Bruce Cowan, Esq., should be disciplined and either suspended or disbarred from practice before this court.

On November 1, 2004, the court ordered the defendant's former counsel, Bruce Cowan, Esq. (Mr. Cowan), a member of the bar of this court, to show cause why he should not be judged in contempt and disciplined for failure to comply with Illinois Rule of Professional Conduct 1.16(d).[1] After Mr. Cowan was replaced on April 1, 2004, by the Federal Public Defender (FPD) as counsel for the defendant, the FPD requested that Mr. Cowan turn over to the FPD the defendant's files that Mr. Cowan had assembled during his representation of Cannon. When no files were forthcoming, the FPD moved for an order to compel and the rule to show cause was issued.

Hearings on the rule were held on November 29, 2004, December 7, 2004, and January 19, 2005. Twelve witnesses testified, including the respondent, Mr. Cowan. A transcript of the proceedings relating to the rule[2] was made available to the court on July 14, 2005. The court

---

[1] Ill. S. Ct. Rules of Prof. Conduct, RPC Rule 1.16(d) provides in pertinent part: "[A] lawyer shall not withdraw from employment until the lawyer has taken reasonable steps to . . . [deliver] to the client all papers and property to which the client is entitled . . ."

[2] That transcript is made a part of this order as Appendix A. The clerk is directed to file the transcript and not record it electronically.

reporter was engaged in preparation of other transcripts including the transcript of the trial of the Cannon case, which is now on appeal.

Much of the transcript relates to questions about Mr. Cowan's effectiveness and competence and whether he had a conflict of interest in representing Thomas Cannon. This order does not touch on those matters and the court has no opinion as to what ruling might be appropriate on a motion under 28 U.S.C. § 2255. If such a motion is filed, then those questions will properly be before the court. The focus of this order is on the conduct of the respondent, Mr. Cowan, in turning over defense materials to succeeding counsel and his forthrightness and truthfulness in his testimony before the court in his response to the rule to show cause.

Mr. Cowan was retained to represent Thomas Cannon by members of his family. Mr. Cowan received a fee in advance of $11,000, although he had asked for $25,000. When asked by the FPD whether he had maintained files in the Cannon case, Mr. Cowan said that he had three files. [Tr. p. 646, L.2, *et seq.*] The first contained the discovery materials supplied by the government. The second contained the subpoena papers for the appearance of Clarence Bruce Cannon, the defendant's brother, who was stationed in Iraq. The third, Mr. Cowan testified, contained the papers connected with the post-trial motions he had filed. He had no research or investigation memoranda.

When pressed as to why he had not turned those files over to the FPD, Mr. Cowan testified that he had lost all three of the files. [Tr. p. 647, L. 6.] Then Mr. Cowan embarked upon a series of narrative statements about how he maintained his office in his home[3] and searched high and low for the Cannon files. He went on to testify that the files had been lost through a combination of fire, flood, and damage by firemen and workmen. [Tr. 648, L. 21, *et seq.*] All of which was demonstrated by later testimony to be patent lies.

Justin Fippinger, a plumber with Cahill Plumbing, Evanston, Illinois, testified that he made plumbing calls at the Cowan residence in Skokie and that there was no flood but a minor leak from a shower that dripped in the basement onto clothes waiting to be washed. There were no files in the basement and no destruction from water damage.

Lt. Curtis Harms of the Skokie Fire Department testified that he was in charge of the May 10, 2004, response from the Department to a call from Mr. Cowan's residence about a structural fire. [Tr. p. 811, *et seq.*] The firemen thoroughly inspected the house. Contrary to Mr. Cowan's assertions, the firemen had no occasion to flood the basement because there was no fire to extinguish. There were no files destroyed or carried out of the house.

The witness, Michele Babb, [Tr. p. 703, L. 15, *et seq.*], is secretary to the Honorable Michael P. McCuskey. Ms. Babb told of a prior case, *United States v. Washington*, in which Mr. Cowan represented the defendant and would call on the telephone with excuses as to why he

---

[3]The court records show his office in Morton Grove, Illinois. But Mr. Cowan said that was just a place he received mail and paid a "per diem" charge for use of a conference room when needed.

could not attend a scheduled hearing in the case: he had gotten up during the night and fell down the stairs and hurt his back; his wife had been mugged in a Florida hotel; he had a relative in New York City on 9/11 and was concerned for her safety. Really inventive reasons for the court to excuse an appearance and, in light of what we know about his excuses in the Cannon case, equally spurious.

A recommendation for discipline of a member of the bar is a distasteful and unpleasant burden, but in this case quite necessary. I have seen few times in my career where a witness' testimony was so strongly demonstrated to be false. One can only infer that Mr. Cowan had no files, no discovery, no research, no investigation, and made up the stories about the fire, the flood, and the firemen to justify his explanation of the "lost" files.

It is ordered that the respondent, Bruce Cowan, Esq., is adjudged in contempt for violation of Illinois Code of Professional Responsibility 1.16(d) and for giving false testimony to the court about his former client's files. It is further ordered that this matter is transferred to Chief District Judge Michael P. McCuskey with the recommendation that this matter be referred to all four of the court's active judges to consider disciplinary proceedings against Mr. Cowan.

Enter this 19th day of August 2005.

**s\Harold A. Baker**
_____
Harold A. Baker
Senior United States District Judge

Case 1:08-cv-03394   Document 6-2   Filed 06/24/2008   Page 4 of 7

E-FILED
Friday, 30 December, 2005  12:00:46 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| In re: ) | |
| ) | No. 05-42 |
| BRUCE COWAN ) | |

~~PROPOSED~~ AGREED ORDER
SUSPENDING BRUCE COWAN FROM PRACTICE
IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JEANNE E. SCOTT, U.S. District Judge:

Factual Background

Chief Judge Michael McCuskey referred Judge Harold A. Baker's August 19, 2005, Order finding Bruce Cowan, Esq. (hereinafter "Cowan") in contempt (for violation of Illinois Code of Professional Responsibility 1.16(d) and for giving false testimony to the Court on November 29, 2004, and on December 7, 2004, about his former client's files) to District Judges Jeanne E. Scott, Michael M. Mihm, Joe Billy McDade, and Richard Mills for disciplinary proceedings.

The August 19, 2005, Order suggested that Cowan may have been guilty of conduct unbecoming a member of this Court and in violation of his professional duties under the Rules of Professional Conduct of the State of Illinois, Illinois Supreme Court Rules, Article VII, adopted by this Court pursuant to Rule 83.6(D) of the Local Rules of the United States District Court for the Central District of Illinois.

The specific conduct of Cowan which was the subject of this disciplinary proceeding is set forth in detail in this Court's Order of October 13, 2005, entered by United States District Judge Jeanne E. Scott. In that Order, Judge Scott indicated that Cowan should respond to the allegations set forth in her October 13, 2005, Order on or before November 4, 2005, and, if Cowan desired to have a hearing on the Order, that the hearing would be held on November 14, 2005, at 1:30 p.m. in Courtroom I of the United States Court in Springfield, Illinois. The Order further provided that, pursuant to Central District of Illinois Local Rule 83.6(B), Attorney Thomas Schanzle-Haskins was appointed to prosecute the interests of the Court.

On November 3, 2005, Cowan, through his attorney Richard Mottweiler, filed a response to Judge Scott's October 13, 2005, Order. Attorney Mottweiler requested a hearing.

On November 14, 2005, Cowan, his Attorney Richard Mottweiler and Attorney Schanzle-Haskins appeared before United States District Judges Jeanne E. Scott, Michael M. Mihm, and Joe Billy McDade for a hearing in the United States District Court in Springfield, Illinois. United States District Judge Richard Mills was unavailable to be present for the hearing. At that hearing, the Court heard statements of counsel and the sworn testimony of Cowan regarding his response to the October 13, 2005, Order and the exhibits attached to his response. The Court ordered that a transcript of the proceeding be prepared for counsel and for review by Judge Mills. Attorney Schanzle-Haskins requested a period of thirty (30) days after the preparation of the transcript to conduct a factual investigation. At the conclusion of the hearing, the Court granted the request of Attorney Schanzle-Haskins for additional time in which to investigate factual matters raised during the hearing. Consequently, the Court ordered the parties to report to the Court on or before January 17, 2006, regarding the necessity of further hearing.

In order to resolve this matter, without the necessity of further hearing, Attorney Schanzle-Haskins and Attorney Mottweiler discussed a possible agreed disposition of this proceeding, including Cowan's voluntary relinquishment of his admission to practice law before the federal courts in the Central District of Illinois. Based upon those discussions, the following Proposed Agreed Order, under which Cowan voluntarily relinquishes his right to practice before any division of the federal courts in the Central District of Illinois, is presented to the Court.

Cowan, through his signature below, acknowledges that his failure to turn over his file relating to representation of Thomas Cannon, a defendant in criminal case No. 03-20085 in the Urbana Division of the Central District of Illinois, and his testimony given to the Court on November 29, 2004, December 7, 2004, and November 14, 2005, regarding the reasons he could not find the file, presented inaccurate and conflicting explanations regarding Cowan's attempts to explain why he was unable to turn over the Cannon file. Mr. Cowan asserts that presentation of the inaccurate and conflicting explanations was due to his confusion regarding the facts and was not intentional. This inaccurate information necessitated successive evidentiary hearings and investigation regarding the inaccurate facts presented to the Court by Cowan. Cowan takes

responsibility for the presentation of the incorrect and inaccurate factual assertions and apologizes to the Court for his conduct which necessitated successive hearings regarding the factual matters presented to the Court by Cowan. Both Cowan and his counsel Richard Mottweiler have reviewed and signed this Proposed Agreed Order.

NOW, THEREFORE, based upon the agreement of the Court's Attorney, Thomas Schanzle-Haskins, and Cowan, by and through his counsel Richard Mottweiler, the following Proposed Agreed Order is submitted to the Court for its consideration.

### Agreed Order

The Court acknowledges and accepts the voluntary relinquishment by Attorney Bruce Cowan of his admission to practice law in any division of the United States Courts in the Central District of Illinois and suspends Cowan's right to practice in any division of the United States District Court for the Central District of Illinois until such time that he may be reinstated. At the expiration of a one year period commencing with the date of the entry of this Order, Cowan may petition the Court for reinstatement of his right to practice before the United States District Court of the Central District of Illinois. Any such request shall be in writing made under oath by Cowan and shall set forth the basis for his application for reinstatement.

ENTER: December 30, 2005.

FOR THE COURT:

s/Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

s/Michael M. Mihm

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

s/Joe Bill McDade
JOE BILL McDADE
UNITED STATES DISTRICT JUDGE


s/Richard Mills
RICHARD MILLS

UNITED STATES DISTRICT JUDGE

ORDER ACCEPTED AND APPROVED:

s/Thomas Schanzle-Haskins
_____
Thomas P. Schanzle-Haskins
Counsel for the Court


s/Richard Mottweiler
_____
Richard Mottweiler
Counsel for Bruce Cowan


s/Bruce Cowan
_____
Bruce Cowan