UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

IVAN EBERHART.

No. 08 C 3394
Judge James B. Zagel

MEMORANDUM OPINION AND ORDER

Ivan Eberhart has timely filed a petition for post-conviction relief under 28 U.S.C. § 2255. The case has been the subject of many rulings and opinions and reached the Supreme Court on the question of timeliness of grounds raised on motions for new trial. The facts of the case and the underlying issues are recited elsewhere. *See United States v. Eberhart*, 388 F.3d 1043 (7th Cir. 2004), *rev'd Eberhart v. United States*, 546 U.S. 12 (2005); *United States v. Eberhart*, 434 F.3d 935 (7th Cir. 2006); *United States v. Eberhart*, 467 F.3d 659 (7th Cir. 2006). The last certiorari was denied on June 18, 2007. My copy of the § 2255 motion is dated June 12, 2008.

This petition is broad in its attack. It begins with a claim, uncommon in post-conviction cases, that the indictment is too vague to give adequate notice of the crime alleged, to wit, what conspiracy was charged. The indictment is also claimed to be based on perjured testimony and prosecutorial misconduct. The sentence is said to be based on unproved facts and unconstitutionally compelled by the sentencing guideline scheme then in existence. The quality of defense counsel's performance at trial and on appeal is criticized as constitutionally inadequate. Finally, the petitioner claims the right to relief on grounds of actual innocence.

The claim that the indictment was too vague is a makeweight. The indictment was unchallenged at trial and unchallenged under the plain error standard on appeal. The rule

foreclosing late challenges is based on the policy which denies to a defendant the right to sit on his or her hands and let the trial proceed on a flawed indictment. The policy is based on the fact that valid objections to an indictment can often be cured prior to trial, and a defendant who fails to raise objections is engaged in a kind of sharp practice. So the petitioner's challenge is lost unless the indictment cannot be reasonably read to charge the offense of conviction. *United States v. Cox,* 536 F.3d 723, 726 (7th Cir. 2008). And, so it is lost because the indictment said that (during a specified time period) Defendant "conspired with Charles Bolden and others known and unknown to knowingly and intentionally possess with intent to distribute and distribute kilogram quantities of [cocaine]." Additionally, there is an allegation that Petitioner sold kilograms of cocaine to Bolden, delivered two or more kilograms to Bolden on or about December 16, 1998. The defects said to exist in the indictment are of the sort that might have been raised in the late 19th and early 20th centuries. The indictment does not have to name all the conspirators or explicitly use the word "agreement." It is the challenge to the indictment that relies on an unreasonable reading of the charge.

The Grand Jury perjury claim is unavailing. Petitioner presumes that inconsistencies in testimony and evidence establish that the testimony which incriminates him is a lie without pausing to consider the fact that it is the inconsistent words that could be errors or lies. In any event, it is not the Grand Jury that put Petitioner in prison, it was the verdict of the Petit Jury. If the testimony before the Grand Jury was wrong or perjurious or the procedures flawed, it was not that evidence or those procedures that led to imprisonment, it was the evidence and procedures at trial that he can complain about. *United States v. Vincent,* 416 F.3d 593 (7th Cir. 2005). It is true that evidence of misconduct or perjury at the Grand Jury might serve to support claims that

2

there was misconduct or perjury at trial, but, in this sort of case, it cannot serve as an independent basis for relief.

The challenges to the prosecution conduct at the trial involve conduct that was patent at trial and were either left unchallenged on appeal or unsuccessfully challenged in the Court of Appeals. They are not to be re-litigated here. The lamentable character of Charles Bolden was fully disclosed at trial and attacked vigorously by defense counsel. The defense did not lose because of the things Bolden said (which were not considered for their truth). The defense lost because of the things that Petitioner said in his confession. What argument the petitioner offers on this point is colorful language and a tone of outrage, but virtually none of it is supported by the detailed analysis of what errors were made and how, if made, they affected the outcome.

The attack on the sentencing and the related issues are issues that could have been addressed on appeal and are not to be addressed at this stage of the proceedings. The reason they were not raised on appeal is evident from a consideration of their merits. When the jury decides a quantity of drugs, I should not reconsider that determination absent a finding that there was not enough evidence to support that verdict. But that evidence was to be found in the record as I noted on the record. *See United States v. Rivera,* 411 F.3d 864, 866 (7th Cir. 2005). Finally, the complaint that I thought I could not depart from the Guidelines is simply untrue. I knew I could in this case, and I departed in other cases. In this case, the stakes with respect to departure were, relatively speaking, quite small since the mandatory minimum was only fifteen months less than the bottom of the Guideline, which is the sentence I gave. Even under the system then in effect, it was not difficult to make a departure of 11%. The record does not support the conclusion that I

3

believed I could not depart. This is an argument that should not have been made on appeal or here.

The criticism of trial counsel rests on several pillars. One, the failure to object to the arrest is, as the Government politely suggests, "factually incorrect." There was a motion to suppress, and it was apparent that there was probable cause.

The defense was well selected by counsel and resulted in an acquittal on one count for which there was decent prosecution evidence.

What Petitioner had to do was to contend that his own confession was unreliable. He was also able to offer an alibi defense with respect to the two-kilogram delivery which served two purposes: a direct refutation of a criminal act alleged by the prosecution and a good reason for the jury to decline to rely on Petitioner's confession. Defense counsel competently made the expected arguments about the unrecorded, unwritten nature of the confession. What defense counsel did, he did well. The criticism that is made revolves around what counsel did not do. He did not call Bolden as a witness, a decision I noted, at the time, was sensible. The shortcoming of this petition is that it argues about what defense counsel did not do (wrongly so in some cases) without showing what prejudice resulted from the failure to do so. An articulated argument on this point would show what would have been done if counsel had investigated other avenues of defense. Ordinarily a Petitioner will produce exonerating statements or documents and show how these materials would have helped him or her at trial. In other words, the petitioner shows that he or she (or his or her lawyer or family) did the investigation that defense counsel failed to do and found something of value to the defense. The petitioner does not offer a developed argument on these points.

The other points of disagreement with defense counsel's performance are not well founded. Counsel did not object to certain taped conversations, but the Court of Appeals has already decided these issues in a way that demonstrates that defense counsel could reasonably decide not to object. Counsel did challenge the accuracy and reliability of the tapes but did not prevail. With respect to the hearsay nature (and limited admissibility) of certain statements, that issue has been litigated and the merits decided against Petitioner. Other failures to object are either too vague to present a ground for granting the petition or deal with matters already ruled upon by the Court of Appeals. There was prosecutorial conduct that was not objected to, but it was not prosecutorial misconduct, i.e., calling a law enforcement officer to testify about the meaning of code words in drug transactions (which is permissible). Other conduct cited was objected to by defense counsel.

Appellate counsel is criticized for failing to appeal the denial of the motion to suppress, and for failing to raise the sufficiency of the indictment. There is no support in the record to conclude that these issues were both obvious and clearly stronger than the issues which were raised. *See Lee v. Davis,* 328 F.3d 896, 900-01 (7th Cir. 2003). In fact, the indictment claim is weak and was waived at trial. The argument that there was no probable cause to arrest was also a weak appellate point. The challenge to the admission of the confession would have required a Court of Appeals to overturn a finding of fact made by me and implicitly confirmed by the jury. It was unpromising material for an appeal.

The petitioner makes no plausible claim of any error made by defense counsel that would take this case outside of the presumption that counsel's performance was reasonable. There are

no errors to cumulate, and I reject the claim that cumulative errors render the defense, at either the trial or appeal level, as one that was constitutionally ineffective.

The claim of actual innocence is mislabeled. Petitioner does not offer evidence of his innocence of the sort offered in wrongful conviction cases. He simply argues that the evidence was insufficient to convict and that claim has been decided against him. There is no claim of actual innocence here.

My remarks at sentencing indicate that I was, and am, sympathetic to Petitioner's plight, particularly because of his post-offense conduct. It is also true that I concluded that his case ought to be re-tried, but in this conclusion I was, in light of the Court of Appeals decision, incorrect. Yet, I also noted that the likelihood of conviction on retrial was high, because I heard the evidence at the first trial. The jury, too, was careful in its deliberation because it acquitted on Count 2, a charge for which there was also substantial evidence. Charles Bolden's conduct was repellant, but he is not the reason Petitioner was convicted and sentenced. Petitioner was convicted because a diligent jury found him to be guilty beyond a reasonable doubt after a fair trial in which he was competently and strongly defended. Could the jury have reached the wrong conclusion? Juries do err but not, in my view, very often. We provide appeals to correct errors and appellate judges could also get it wrong, so we provide further avenues to review judgments. Once all appeals and post-conviction decisions about legal errors have been resolved against Defendant, there is still another avenue open to a convict which is to show that he is innocent by using, among other things, scientific techniques or proof that someone else committed the crime. But, the time for arguing that evidence is insufficient to prove guilt is over when the courts have rejected these claims or the defendant has failed to argue them. Petitioner offers nothing that

counts as evidence of his actual innocence.  All that is left him now is to seek pardon or commutation through the Pardon Attorney of the United States Department of Justice.  Any further efforts to seek judicial relief are a waste of effort and money.

ENTER:

James B. Zagel
United States District Judge

DATE:  December 5, 2008